John P. Finnerty, Esq. Senior Assistant County Attorney, Suffolk County
You have asked whether a county employee in a federally funded position may retain his position once he has declared his candidacy for elective State office.
Section 1502(a)(3) of Title 5 of the United States Code, popularly known as the Hatch Act, provides: "A State or local officer or employee may not be a candidate for elective office". A "State or local officer or employee" is defined as "an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency" (id., § 1501[4]).
You have informed us that the employee in question is employed full time in a fully federally funded position. Thus, it seems clear that the position constitutes the individual's principal employment (see Smyth vUnited States Civil Service Commission, 291 F. Supp. 568, 572 (ED Wisconsin, 1968), and that the employment is in connection with a federally funded program. The mere announcement of one's candidacy for elective office brings an individual within the prohibition of the Hatch Act (id., p 571).
Upon a finding that a "State or local officer" has violated provisions of the Hatch Act, the federal Merit Systems Protection Board may direct his removal from office and upon the failure of the state or locality to take such action, the Board is required to order the withholding of a specified amount of federal loans or grants (5 U.S.C. § 1505 and1506).
We conclude that an individual principally employed by a state or locality, whose employment is in connection with an activity financed in whole or in part by federal funds, is prohibited by the Hatch Act from being a candidate for elective office.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.